CALIFORNIA LABOR SCHOOL, INC., a corporation, Petitioner,

v.

SUBVERSIVE ACTIVITIES CONTROL BOARD, Respondent.

No. 14031.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 10, 1962.

Decided May 23, 1963.

Mr. James T. Wright, Washington, D. C., submitted the case on the motion to dismiss and vacate for petitioner.

Miss Carol Mary Brennan, Atty., Dept. of Justice, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, argued in opposition to the motion for respondent. With her on respondent's answer were Mr. Frank R. Hunter, Jr., Gen. Counsel, Subversive Activities Control Board, and Mr. George B. Searls, Atty., Dept. of Justice.

Before BAZELON, Chief Judge, PRETTYMAN, Senior Circuit Judge, and DANAHER, Circuit Judge.

PRETTYMAN, Senior Circuit Judge.

This is one of the cases referred to in our opinion in Labor Youth League v. Subversive Activities Control Board.[1]

The California Labor School is a corporation, organized under the laws of the State of California in 1944 as a nonprofit corporation. The Attorney General petitioned the Subversive Activities Control Board on March 31, 1955, for an order requiring the school to register, pursuant to Section 7 of the Subversive Activities Control Act of 1950,[2] as a Communist-front organization. Hearings were had, and a report, containing findings and an opinion, was promulgated. An order to register issued in May of 1957. Review was sought in this court. Following a motion, filed February 9, 1962, to dismiss the petition for review and to vacate the Board's order for moot-

1. 116 U.S.App.D.C. ——, 322 F.2d 364 (1963).

2. 64 Stat. 993, as amended, 50 U.S.C. § 786.

ness, this court remanded the case for further findings of fact as to the alleged dissolution of the school. The report on remand is now before us.

The proceedings on remand included a hearing held at San Francisco on April 16, 1962. Counsel for the school appeared, and one witness was presented on its behalf. This witness was a Dr. Holland Roberts, who at the time of the 1955 proceedings had been the director of the organization. No exhibits were introduced, and Dr. Roberts was the only witness.

The report of the Board on remand includes the following findings of fact:

> "Holland Roberts testified on direct examination that in May of 1957 the organization was in the process of dissolving and a 'statement of dissolution of the school had been issued to our mailing list,' and 'this also was carried in the press here.' He further testified that in June or July of 1957 the United States Bureau of Internal Revenue attached the properties of the organization and sold them at public auction; that the materials which were not taken by Internal Revenue or left in the building were thrown away because there was no place to keep them or store them; and that since June or July of 1957 there has been no headquarters, no office personnel, employees, agents, or representatives of any kind (except for counsel carrying on the instant litigation). Roberts further, in reply to questions from counsel for the organization, gave the conclusion that since June or July of 1957 the organization has not existed in any shape, manner or form. He stated that since then the organization has not conducted any business, and that so far as he knows there are presently no lists of students or faculty or assets or other things that pertained to the organizational operations.

> "These facts were not controverted and the Board finds, as stated by counsel for the Attorney General in oral argument, 'that there may well be a finding that there has been a complete cessation of activities.'"
> (Footnote and transcript citations omitted.)

Following the closing of the school, Roberts and an undisclosed number of others, under the name Academic Freedom Committee, sponsored a lecture in 1957 or 1958, attended by several hundred persons, for the purpose of raising funds to prosecute the school's appeal. An undated letter, sent out in the name of the Committee, mentioned reopening "our school in California".

The California Code specifies steps to be taken for the dissolution of a corporation.[3] The first step is a resolution of dissolution, adopted by vote or written consent of the shareholders or members representing 50 per cent or more of the voting power. A certificate to that effect must be filed with the Secretary of State and a copy thereof with the county clerk. The contents of the certificate are specified. Then follow various steps in liquidation and a final winding-up.

So far as this record shows, no steps were taken to dissolve this corporation. It ceased doing business. But a cessation of business activity is not the equivalent of a corporate dissolution. Petitioner would equate cessation of active business with cessation of existence; holiday with demise. They are not equivalent. Not only were there no formal procedural steps, there were no meetings of stockholders or shareholders, or of directors, and not even any resolutions to dissolve. Examination of the facts in Labor Youth League, supra, will serve to vivify the lack in the present record. In that case it clearly appeared that the organization no longer exists. The record showed all possible steps to dissolve had been taken. In the case at bar the organization exists. The fact that it is not presently active is of no

3. Cal.Corp.Code §§ 4600–4604, 9800.

consequence in the problem whether the court should finalize an order of the Board respecting it.

██ The motion to dismiss and to vacate the Board's order for mootness will be denied. The case thus remains before us upon the petition to review the order of the Board requiring the school to register as a Communist-front organization. Counsel for the school told the Board during the hearing on the remand that this appeal would not be pursued further. But we think that position, if it be the school's position, should be formalized. Therefore the school will be given thirty days after this decision within which to file any brief or memorandum it may care to file upon the merits of the petition for review. The Board will have three weeks thereafter to file briefs or memoranda.

So ordered.