322 F.2d 395
 116 U.S.App.D.C. 182
 William L. PATTERSON, as Liquidator of the Civil Rights
Congress, and as former National Secretary of the
Civil Rights Congress, Petitioner,
v.
SUBVERSIVE ACTIVITIES CONTROL BOARD, Respondent.
 No. 14136.
 United States Court of Appeals District of Columbia Circuit.
 Argued Oct. 10, 1962.
Dicided May 23, 1963.
 
 Mr. Reuben Terris, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, argued the motion to dismiss and vacate for petitioner. With him on the motion was Mr. James T. Wright, Washington, D.C.
 Miss Carol Mary Brennan, Atty., Dept. of Justice, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, argued in opposition to the motion for respondent. On respondent's answer were Mr. Frank R. Hunter, Jr., Gen. Counsel, Subversive Activities Control Board, and Messrs. Kevin T. Maroney and Benjamin F. Polack, Attys., Dept. of Justice.
 Before BAZELON, Chief Judge, PRETTYMAN, Senior Circuit Judge, and DANAHER, Circuit Judge. PRETTYMAN, Senior Circuit Judge.
 
 
 1
 The Civil Rights Congress is an unincorporated organization. This is one of the cases referred to in Labor Youth League v. Subversive Activities Control Board.[1] The Attorney General Filed with the Board on April 22, 1953, a petition praying that this Congress be required to register, pursuant to Section 7 of the Subversive Activities Control Act of 1950,[2] as a Communist-front organization. Hearings were had from time to time between November 29, 1954, and November 30, 1955, upon which latter date the Presiding Member issued a Recommended Decision, holding the Congress to be a Communist front. On January 18, 1956, the Congress filed a motion to dismiss on the ground that it had dissolved on January 6, 1956. The motion was denied, and the Board affirmed the Recommended Decision. William L. Patterson, former Executive Secretary of the Congress, identifying himself as the Liquidator of the Congress, petitioned this court for review. Renewal of the motion to dismiss and to vacate the Board's order for mootness was made in this court, and we remanded the case to the Board for findings as to the alleged dissolution. The report on remand is now before us.
 
 
 2
 This case serves to vivify the contention, vigorously pressed by the Board and by the Attorney General in Labor Youth League and in California Labor School, infra, as well as in this case, to the effect that the present proceedings are limited to the requirements that the respondent organization register and that the accomplishment of registration, in the event of failure to comply with the order of registration, is left to other proceedings. We held in Labor Youth League that, where an organization has been actually and fully dissolved and is no longer in existence, a court should not finalize an order addressed to the organization, but that if the respondent had been in existence when the Board's order was promulgated the proceedings should be neither vacated nor finalized but placed in indefinite abeyance. We hold in California Labor School v. Subversive Activities Control Board,[3] that, where an organization is still in existence, not having been dissolved, despite a cessation of activity, an order of the Board requiring registration should not be vacated or suspended but should be considered upon its merits or the petition to review dismissed.[4] In the present case we have an unincorporated association which purported to dissolve while the Board proceedings were pending. Disputed dissolutions of unincorporated associations frequently present difficult puzzles. We agree with the Board that the Civil Rights Congress, and its Liquidator, the petitioner at bar, failed to prove to any satisfactory degree that the organization was dissolved. There was a purported Convention, but apparently only three persons were present. Eighteen votes were cast for dissolution, but these were either by telegram or by proxy to one of these three. A liquidator was designated, and he is present as the petitioner in this court. At the hearing before the Board he had no records and no satisfactory recollection of any. The books and similar paraphernalia, he said, had been put in storage but the storage place had disappeared.
 
 
 3
 Under these circumstances the motion to dismiss and to vacate the Board's order as moot will be denied. Petitioner will be given thirty days within which to file any memorandum or brief it may choose to file in support of the petition to review. The respondent will have three weeks thereafter within which to reply.
 
 
 4
 If upon further consideration the decision and order of the Board be not sustained, there will be an end to the matter. If, on the other hand, the order be affirmed or the petition for review dismissed, the practical problem of accomplishing the ordered registration, in the light of current factual circumstances, will remain for other proceedings.
 
 
 5
 So ordered.
 
 
 
 [1]
 116 U.S.App.D.C. , 322 F.2d 364 (1963)
 
 
 [2]
 64 Stat. 993, as amended, 50 U.S.C. 786
 
 
 [3]
 116 U.S.App.D.C. , 322 F.2d 393 (1963)
 
 
 [4]
 Rule 19(i) of this court provides that when no brief has been filed for the appellant the court, at the instance of the adverse party or on its own motion, may dismiss the petition for review